UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------
ANTHONY JONES,

                              Plaintiff,

                                                                                     9:05-CV-1438
                                                                                      (DNH)(RFT)

   v.

GLENN S. GOORD, Commissioner, *et al.*,

                              Defendants.
-------------------------------------------------------------------------

**APPEARANCES:**                               **OF COUNSEL:**

ANTHONY JONES
Plaintiff, *pro se*
221 Linden Blvd.
Apt. F-6, Building A
Brooklyn, New York 11226

HON. ANDREW M. CUOMO              DAVID FRUCHTER, ESQ.
Attorney General of the State of New York    Assistant Attorney General
Department of Law
The Capitol
Albany, New York 12224

RANDOLPH F. TREECE, U.S. MAGISTRATE JUDGE

## <u>ORDER</u>

     Presently before this Court is a Motion to Compel Discovery filed by *pro se* Plaintiff Anthony Jones. Dkt. No. 35. Defendants have opposed the Motion, Dkt. No. 39, and Plaintiff filed a Reply, Dkt. No. 42.

**I.    BACKGROUND.**

     By way of background, this action was filed on November 16, 2005. The Complaint in this action sets forth allegations that the Defendants denied Plaintiff medical treatment, filed misbehavior reports agasint him in retaliation for filing grievances and for assisting other prisoners in filing grievances, and burdened the free exercise of his religion. Dkt. No. 1, Compl. These events

allegedly occurred between March 2004 and July 2005 while Plaintiff was incarcerated at the Franklin Correctional Facility. *Id.*

A Pretrial Order was issued in this case setting the discovery deadline for February 28, 2007, the motion to compel deadline for March 30, 2007, and the dispostive motion filing deadline for June 30, 2007. Dkt. No. 19. Upon Plaintiff's request, the nondispostive motion deadline was extended from October 30, 2006 to November 3, 2006. Dkt. No. 21.

## II.   THE MOTION TO COMPEL.

### A.   Plaintiff's Motion.

Plaintiff alleges that the Defendants have wholly failed to respond to his discovery demands. More specifically, Plaintiff asserts he served (1) Interrogatories directed to Defendant Rushford on September 13, 2006, (2) Interrogatories directed to Defendant Boyea on September 16, 2006, (3) Interrogatories directed to Defendant Rock on September 17, 2006, (4) Interrogatories directed to Defendant Demars on September 19, 2006, (5) Interrogatories directed to Defendant Allard on September 20, 2006, (6) Interrogatories directed to Defendant Eagen on September 21, 2006, (7) Interrogatories directed to Defendant LeClaire on September 24, 2006, (8) Interrogatories directed to Defendant Goord on September 30, 2006, and (9) Request for Production of Documents served on February 12, 2007.[1]

On September 27, 2006, Defendants' counsel requested an extension of the time to respond to the Interrogatories directed to Defendants Rushford, Boyea, Rock and Demars; the Court permitted an extension to December 14, 2006. Dkt. Nos. 22 & 23. No further extensions were requested by Defendants' counsel.

---

[1] The Interrogatories are annexed to Plaintiff's Motion to Compel as Exhibits A-1 through A-8, respectively, and the Request for Production of Documents is annexed to Plaintiff's Motion to Compel as Exhibit F.

On November 14, 2006, Plaintiff wrote to Defendants' counsel seeking a response to the Interrogatories directed to Defendants Allard, Eagen, LeClaire and Goord. Dkt. No. 35, Ex. C. Plaintiff alleges that he received no response and, on December 28, 2006, wrote a letter to Defendants' counsel seeking a response to all of the Interrogatories. *Id.*, Ex. D. Plaintiff served his Request for Production of Documents on February 12, 2007, and alleges he received no response thereto. *Id.*, Ex. F. Thereafter, on February 21, 2007, Plaintiff wrote to Defendants' counsel seeking a response to his Interrogatories and prior correspondence. *Id.*, Ex. E. With the Motion to Compel deadline nearing, Plaintiff filed this Motion on March 21, 2007.

### B. Defendants' Response to the Motion.

Defendants filed their response to Plaintiff's Motion to Compel on May 9, 2007, after receiving an extension of the original response deadline. Dkt. No. 39. In that Response, Defendants indicate they served a response to the Request for Production of Documents on May 7, 2007.[2] Dkt. No. 39-16, David L. Fruchter, Esq., Decl., dated May 9, 2007, at ¶ 6. With respect to the Interrogatories, Defendants indicate they served the following: (1) a response on behalf of Defendant Allard on May 1, 2007, (2) a response on behalf of Defendant Rushford on April 30, 2007, (3) a response on behalf of Defendant Boyea on April 30, 2007, (4) a response on behalf of Defendant Demars on April 27, 2007, and (5) a response on behalf of Defendant Rock on April 27, 2007. *Id.* at ¶¶ 7-11. Defendants' counsel annexed the discovery responses to his Opposition to Plaintiff's Motion. With respect to Defendants Goord, Eagen and Leclaire, counsel states that the responses "have been prepared and sent to those defendants for signature. We expect to receive signed responses back from Goord, Eagen, and Leclaire in the very near future, at which point we will serve

---

[2] Counsel indicated that, due to the "inadvertent delay in responding to the plaintiff's discovery requests, the defense has not charged the plaintiff for photocopying costs regarding the large number of documents provided . . . as part of the response to plaintiff's First Request for Production of Documents." Fruchter Decl. at ¶ 14.

them upon the plaintiff.  **I will inform the Court as soon as such occurs**." *Id.* (emphasis added). Contributing to the delay is the fact that Defendants Goord and Eagen have retired from the Department of Correctional Services and Defendant Leclaire "has been tied up on other matters." *Id*. at ¶ 12.  As of the writing of this Order, counsel has not advised the Court whether he served responses to the remaining three sets of September 2006 Interrogatories.

### C. Plaintiff's Reply.

In his Reply, dated June 11, 2007, Plaintiff states that he has only received the Response to the Request for Production of Documents and the Interrogatories directed to Defendants Allard, Demars, and Rock.  Dkt. No. 42.  Plaintiff takes issue with the substance of Defendants' responses, as well as Defendants' continued failure to serve responses on behalf of all of the Defendants.

## III. DISCUSSION.

### A. Interrogatories to Defendants Goord, Eagen and Leclaire.

The Interrogatories to Defendants Goord, Eagen, and Leclaire were originally served between September 21, 2006 and September 30, 2006.  Nearly eight months later, on May 9, 2007, Defendants' counsel stated that he expected to be able to produce responses in the "very near future."  To the Court's knowledge, those responses have never been produced even though the Interrogatories have been in Defendants' possession for over one year.  At this point, Defendants have so grossly violated the thirty-day response time set forth in Rule 33(b)(2) that they are entitled to no further consideration from this Court.  Rule 33 clearly states that "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."  FED. R. CIV. P. 33(b)(4).

Accordingly, Defendants will be ordered to serve responses to the Interrogatories directed to Defendants Goord, Eagen, and Leclaire, and **all objections are waived**.  Said responses shall be

served on Plaintiff within thirty (30) days from the filing date of this Order. Should Defendants fail to comply with this Order, Plaintiff will be entitled to seek an Order of Preclusion as to the issues and topics addressed in the Interrogatories directed to Defendants Goord, Eagen, and Leclaire.

**B.     Request for Production of Documents.**

The Court has reviewed Plaintiff's Request for Production of Documents. Presumably, if Defendants had complied with the Federal Rules of Civil Procedure and responded to the Demands in a timely fashion so that conferral on areas of dispute could have been undertaken, many of the objections set forth could have been resolved with simple tailoring of the *pro se* Plaintiff's requests. Rather, Defendants responded with generic, unsubstantiated, boiler plate objections to many of Plaintiff's Demands. Thus, the Court will review each and address those where more meaningful responses are due to Plaintiff.

In Demand # 2, Plaintiff seeks minutes from the Inmate Liaison Committee meetings. Based upon the Complaint, it appears that Plaintiff was an elected inmate member of the Committee beginning in June 2004, and that some of the events alleged in the Complaint occurred during these meetings. Thus, the assertions that the demand is "irrelevant" and "not reasonably calculated to lead to the discovery of admissible evidence" are not persuasive. In addition, with a small amount of effort, it seems that the parties might have agreed to limit the demand to the time period during which Plaintiff served as an elected member of the Committee. From a reading of the Complaint, it appears that Plaintiff has alleged that he was a member from June 2004 through June 2005. Thus, Defendants shall respond to Document Demand # 2, consistent with the time limitation of June 2004 through June 2005.

With respect to Demand # 3, it appears from the response that Defendants have selected those grievances they deem relevant to the allegations in the Complaint. However, it appears that

5

Plaintiff sought <u>all</u> grievances and complaints that are on record as having been filed by him, as well as any investigation reports and responses generated in response to those grievances or complaints. The relevant time frame for such a demand is March 2004 through July 2005, the time period covered by the Complaint. Accordingly, Defendants shall produce all grievances and complaints that are on record as having been filed by Plaintiff between March 2004 and July 2005, as well as any investigation reports and responses generated in response to those grievances or complaints.[3]

By Demand # 6, Plaintiff seeks the Inmate Grievance Program monthly statistical reports. Defendants objected with boilerplate objections, none of which are substantiated in their response. Moreover, there are specific allegations in the Complaint that detrimental actions were taken against Plaintiff by the Defendants based upon an alleged increase in the filing of grievances. Therefore, a statistical accounting of the number of grievances filed in each month would appear to be highly relevant to the allegations before this Court. Accordingly, Defendants shall provide Plaintiff with an accounting of the number of grievances filed each month for the time period of June 2004 through June 2005.

All documents produced in response to the above-listed demands shall be provided to Plaintiff at no cost. The Court has reviewed the other Demands and the Defendants' Responses thereto and finds that the objections were proper, the responses were appropriate, and/or the demands were improper. Accordingly, no further responses will be ordered.

**C.     Interrogatories to Defendant Rushford.**

The Court has reviewed Defendant Rushford's responses to the Interrogatories served upon him and find the responses appropriate, the objections justified, and/or the Interrogatories improper

---

[3] It appears that such response would also be responsive to Document Demand # 5.

for a variety of reasons. The Court notes that Response # 16 refers to an Exhibit that was not attached to the Court's copy of the Responses. Defendants' counsel shall ensure that such Exhibit was properly attached to the responses served upon Plaintiff and, if not, Defendants shall serve Plaintiff with a copy of that Exhibit forthwith.

**D.     Interrogatories to Defendants Boyea, Rock, Demars, and Allard.**

The Court has reviewed Defendants' responses to the Interrogatories served upon Defendants Boyea, Rock, Demars, and Allard and find the responses appropriate, the objections justified, and/or the Interrogatories improper for a variety of reasons. Accordingly, no further responses will be directed with respect to these Interrogatories.

However, the Court notes that in response to Interrogatory # 11 directed to Defendant Demars, a part of the Defendant's response states "Call outs are made by correctional employees.**????**" It appears to the Court that the series of questions marks indicate that this response needs to be verified. If that is the case, Defendants are reminded of their ongoing obligation to correct or supplement their responses.

**IV.     PRETRIAL DEADLINES.**

As noted above, a Pretrial Order was issued in this case on August 18, 2006, setting a discovery deadline for February 28, 2007, and a dispositive motion filing deadline of June 30, 2007. Dkt. No. 19. On June 29, 2007, one day before the dispostive motion filing deadline was to expire, and four months after the discovery deadline had lapsed, Defendants' counsel filed a letter request seeking an extension of the discovery deadline.[4] Dkt. No. 43. In his letter, counsel states there is discovery he would like to complete, including the deposition of Plaintiff, and that due to the

---

[4] Counsel erroneously stated in his letter that the discovery deadline was set to expire on June 30, 2007.

demands of his case load, his ability to pursue the desired discovery has been hindered.

Plaintiff objected to the request noting that the discovery deadline expired on February 28, 2007, and that the dispostive motion filing deadline was June 30, 2007.  Dkt. No. 45.

In light of the foregoing, the Court will extend discovery for a brief period and the remaining pretrial deadlines will be re-set accordingly.  **There will be no further extension of these deadlines**.

Finally, Defendants' counsel is reminded of his obligation to adhere to all deadlines established by this Court and the Federal Rules of Civil Procedure governing this action, or to seek an extension of same from Plaintiff or this Court.

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's Motion to Compel Discovery (Dkt. No. 35) is **granted in part and denied in part**, as detailed above; and it is further

**ORDERED**, Defendants shall respond to the demands, as detailed and limited above, within **thirty (30) days** from the filing date of this Order; and it is further

**ORDERED**, that the discovery deadline is set for **February 11, 2008**, the motion to compel deadline is set for **March 11, 2008**, and the dispostive motion fling deadline is set for **June 11, 2008**.  **There shall be no further extensions of these deadlines**; and it is further

**ORDERED**, that Defendants' counsel shall adhere to all deadlines established by this Court and the Federal Rules of Civil Procedure governing this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

Date:   December 12, 2007

Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge